1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                        EASTERN DISTRICT OF CALIFORNIA

10

11    DAVID GOULD,                              No.  1:24-cv-00699-SAB (PC)

12                    Plaintiff,                ORDER DIRECTING CLERK OF COURT TO
                                                RANDOMLY ASSIGN A DISTRICT JUDGE
13          v.                                  TO THIS ACTION

14    COUNTY OF FRESNO,                         FINDINGS AND RECOMMENDATIONS
                                                RECOMMENDING DEFENDANT'S
15                    Defendant.                MOTION TO DISMISS BE GRANTED

16                                              (ECF No. 11)

17
            Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42
18
      U.S.C. § 1983.
19
            Currently before the Court is Defendant's motion to dismiss, filed November 25, 2024.
20
                                                I.
21
                                          BACKGROUND
22
            This action is proceeds on Plaintiff's due process claim against the County of Fresno in
23
      violation of the Fourteenth Amendment for subjecting him as a civil detainee to conditions of
24
      confinement to the same conditions as those of his criminal counterparts and more restrictive than
25
      those at Coalinga State Hospital.  Jones v. Blanas, 393 F.3d 817, 932 (9th Cir. 2004).
26
            On November 25, 2024, Defendant filed a motion to dismiss the action as barred by the
27
      applicable statute of limitations.  (ECF No. 11.)  Plaintiff filed an opposition, and Defendant filed
28
                                                1

1 | a reply.  (ECF Nos. 14, 15.)

2 | **II.**

3 | **DISCUSSION**

4 | **A.    Allegations of Complaint**

5 | Plaintiff alleges he was a civil detainee confined at the Fresno County Jail between from

6 | January 21, 2020, to approximately October 2021, pending proceedings pursuant to the Sexually

7 | Violent Predator Act (SVPA), codified in California Welfare and Institution Code, section 6600

8 | et seq.  (ECF No. 1 at 3.)

9 | Plaintiff alleges that when he returned to Coalinga State Hospital (CSH) he could not get

10 | to the law library or consult with patients who knew about filing a civil rights suit in federal court.

11 | (ECF No. 1 at 3.)  From "the middle of 2023 to the present" Plaintiff suffered an unspecified

12 | series of medical issues and did not have any time to do legal work, get to the law library, or talk

13 | to other patients about filing federal civil rights suits.  (ECF No. 1 at 3.)   These medical issues

14 | restricted Gould's ability to pursue his claim until April of 2023.  (ECF No. 1 at 4.)

15 | During Plaintiff's confinement at the Fresno County Jail, Plaintiff claims that deputies

16 | would refuse to turn on the television, and the shower did not drain properly.  (ECF No. 1 at 4-5.)

17 | Plaintiff further alleges that he was subject to the same recreational time policy as criminal

18 | detainees, as well as the same polices for visitation, use of the day room, religious services,

19 | restraints, escorts, cleaning, and the "Edovo Program."  (ECF No. 1 at 5-6.)  Plaintiff was also

20 | restricted from using the legal kiosk because he was not pro per.  (ECF No. 1 at 6.)

21 | Plaintiff submits that at CSH he had access to many benefits that he did not receive at the

22 | Fresno County Jail, including personal electronic devices, such as television, radio, coffee pot,

23 | and CD/DVD players.  (ECF No. 1 at 6.)  At CSH, Plaintiff also had personal clothes, gym and

24 | courtyard access, access to a sport yard, access to canteen, a grill-style restaurant, cleaning,

25 | supplies, respectful staff, library with legal resources, computer lab, confidential phone calls,

26 | laundry services, several meal options, group and therapy sessions, microwave, refrigerator, and

27 | confidential mail.  (ECF No. 1 at 6, 8.)

28 | ///

**B.    Applicable Law**

Section 1983 contains no specific statute of limitations. Therefore, federal courts apply the forum state's statute of limitations for personal injury actions. Jones, 393 F.3d at 927; Maldonado v. Harris, 370 F.3d 945, 954 (9th Cir. 2004); Fink v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999). California's statute of limitations for personal injury actions is two years. Cal. Civ. Proc. Code § 335.1; Jones, 393 F.3d at 927; Maldonado, 370 F.3d at 954–55.

California's Unruh Civil Rights Act similarly does not have a single statute of limitations. Gatto v. Cty. of Sonoma, 98 Cal. App. 4th 744, 759 (2002); Kemp v. Regents of Univ. of Cal., No. C-09-4687 PJH, 2010 WL 2889224, at *6 (N.D. Cal. July 22, 2010). A two-year statute of limitations applies to causes of action under provisions evolving from common law, such as personal injury actions, and a three-year statute of limitations applies to other causes of action. Gatto, 98 Cal. App. 4th at 759; Kemp, 2010 WL 2889224, at *6.

Federal law determines when a civil rights claim accrues, and "[u]nder federal law, a claim accrues when the plaintiff knows or should know of the injury that is the basis of the cause of action." Douglas v. Noelle, 567 F.3d 1103, 1109 (9th Cir. 2009) (citation omitted); Maldonado, 370 F.3d at 955; Fink, 192 F.3d at 914 (constitutional claim accrues on the date plaintiff knew or should have known of the injury which forms the basis of the cause of action).

In actions where the federal court borrows the state statute of limitations, courts should also borrow all applicable provisions for tolling the limitations found in state law. Jones, 393 F.3d at 927. Under California law, the two-year statute of limitations is tolled during the time a prisoner pursues his administrative remedies and is potentially tolled up to an additional two years if Plaintiff is incarcerated for a term of less than life. Douglas, 567 F.3d at 1109 ("State law governs the statute of limitations period for § 1983 suits and closely related questions of tolling. Section 1983 claims are characterized as personal injury suits for statute of limitations purposes" (citations omitted)); Brown v. Valoff, 422 F.3d 926, 943 (9th Cir. 2005) ("[T]he applicable statute of limitations must be tolled while a prisoner completes the mandatory exhaustion process."); Cal. Civ. Proc. Code §§ 335.1, 352.1(a).

///

3

1    As noted above, Plaintiff is a civil detainee, not a prisoner. By its terms, Section 352.1

2 does not apply to civil detainees. See Jones, 393 F.3d at 927 ("the literal language of the statute

3 does not cover Jones, a civil detainee"). Nevertheless, by applying California's doctrine of

4 equitable tolling, the Ninth Circuit has found that "a continuously confined civil detainee who has

5 pursued his claim in good faith" may take advantage of tolling. Id. at 930; see also Fink v.

6 Shedler, 192 F.3d 911, 916 (9th Cir. 1999) (requirements for equitable tolling in California). The

7 Ninth Circuit found that " 'actual, uninterrupted incarceration is the touchstone' for applying

8 California's tolling provision for the disability of imprisonment," Jones, 393 F.3d at 928 (quoting

9 Elliott v. City of Union City, 25 F.3d 800, 803 (9th Cir. 1994)), and that the rationale behind the

10 rule "applies with equal force to the case of an individual continuously detained under civil

11 process[.]" Id. The Ninth Circuit observed that, "[l]ike criminal inmates, civil detainees litigate

12 under serious disadvantages. The civilly confined are limited in their ability to interview

13 witnesses and gather evidence, their access to legal materials, their ability to retain counsel, and

14 their ability to monitor the progress of their lawsuit and keep abreast of procedural deadlines." Id.

15 at 929.

16    **C.    Analysis**

17    Defendant argues the applicable statute of limitations expired in October of 2023;

18 however, Plaintiff's complaint was not filed until June of 2024.  Defendant further argues that

19 equitable tolling does not apply because Plaintiff did not provide timely notice of his claims to the

20 County within the statutory period-a mandatory element of the equitable tolling doctrine under

21 California law.

22    Plaintiff argues that he is entitled to an additional two years based on the rationale in

23 Jones v. Blanas, 393 F.3d 918, 928 (9th Cir. 2004), resulting in a total of four years to file his

24 1983 action.  Plaintiff submits that the accrual date of his claims was June 14, 2022, which

25 "would facilitate the timeliness of Plaintiff's June 14, 2024 filing date, and be in keeping with

26 intent behind tolling to 'ensure fundamental practicality and fairness.'"  (ECF No. 15 at 3.)

27 Plaintiff further argues that because equitable tolling is a fact-specific question, it must be

28 resolved by way of motion for summary judgment.  (Id.)

1        In response, Defendant argues that <u>Jones v. Blanas</u> does not apply to Plaintiff and he is not

2    entitled to equitable tolling because he did not provide full notice of his claims to the County

3    within the statutory period.  (ECF No. 14 at 2.)  Defendant further argues that Plaintiff cannot use

4    June 22, 2022, as the date his cause of action accrued because there is no factual basis to support

5    that he did not discover his claim until that date.  (<u>Id.</u>)

6        Defendant's motion to dismiss should be granted.  First, as stated above, Plaintiff, as a

7    civil detainee, is not entitled to an additional two years of statutory tolling.  Cal. Civ. Proc. Code

8    § 352.1; <u>see also</u> <u>Jones</u>, 393 F.3d at 927.  Second, based on the allegations in the operative

9    complaint, the last day Plaintiff could have been at the County Jail was October 31, 2021, when

10    he returned to CSH.  (ECF No. 1 at 3.)  The two-year statute of limitations therefore expired no

11    later than October 31, 2023, and Plaintiff's complaint filed over seven months thereafter was

12    untimely.  (ECF No. 1.)  Plaintiff's complaint and opposition fail to allege or demonstrate that he

13    notified the County of his claims or his intent to sue, let alone, "fully," prior to filing the October

14    31, 2023.  (ECF No. 1.)  Although Plaintiff proposes that the accrual date of his cause of action

15    was June 22, 2022, Plaintiff does not demonstrate or allege that he failed to discover the factual

16    basis of his claim until that date.  Indeed, contrary to Plaintiff's contention, the complaint clearly

17    reflects that he was contemporaneously aware of the factual conditions giving rise to his claim on

18    or before October 31, 2021-the date he was transferred out of the Fresno County Jail.  The

19    discovery rule of accrual allows, in certain circumstances, for a cause of action to accrue upon

20    discovery of the injury which is the basis for a cause of action.  <u>TwoRivers v. Lewis</u>, 174 F.3d

21    987, 991 (9th Cir. 1999) ("a claim accrues when the plaintiff knows or has reason to know of the

22    injury which is the basis of the action"); <u>see also</u> <u>Morales v. City of Los Angeles</u>, 214 F.3d 1151,

23    1154 (9th Cir. 2000).  However, here, the injury of which Plaintiff alleges arises from conditions

24    of his confinement at the Fresno County Jail, which coexisted with the period of time he was

25    confined at the jail and ended at the latest on October 31, 2021-when he was transferred to CSH.

26    Plaintiff failed to file the instant action within the applicable two years warranting dismissal of

27    the action.

28    ///

**IV.**

**ORDER AND RECOMMENDATIONS**

Based on the foregoing, it is HEREBY ORDERED that the Clerk of Court shall randomly assign a District Judge to this action.

Further, it is HEREBY RECOMMENDED that:

1.    Defendant's motion to dismiss (ECF No. 11) be GRANTED; and

2.    The instant action be dismissed as barred by the statute of limitations.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court, limited to 15 pages in length, including exhibits.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **January 16, 2025**    _____

STANLEY A. BOONE
United States Magistrate Judge