UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID GOULD, | No. 1:24-cv-00699-JLT-SAB (PC) |
| Plaintiff, | ORDER VACATING FINDINGS AND RECOMMENDATIONS ISSUED ON JANUARY 7, 2025 |
| v. | |
| COUNTY OF FRESNO, | (ECF No. 17) |
| Defendant. | FINDINGS AND RECOMMENDATION RECOMMENDING DEFENDANT'S MOTION TO DISMISS BE DENIED |
| | (ECF No. 11) |

Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983. Plaintiff is a civil detainee under the Sexually Violent Predator Act, Cal. Welfare & Institutions Code § 6600, et seq.

## I.

## BACKGROUND

This action is proceeds on Plaintiff's due process claim against the County of Fresno in violation of the Fourteenth Amendment for subjecting him as a civil detainee to conditions of confinement to the same conditions as those of his criminal counterparts and more restrictive than those at Coalinga State Hospital (CSH). Jones v. Blanas, 393 F.3d 817, 932 (9th Cir. 2004).

1

1    On November 25, 2024, Defendant filed a motion to dismiss the action as barred by the applicable statute of limitations. (ECF No. 11.) Plaintiff filed an opposition, and Defendant filed a reply. (ECF Nos. 14, 15.)

On January 7, 2025, Findings and Recommendations recommending Defendant's motion to dismiss the action be granted because Plaintiff did not provide timely notice of his claims to the County. (ECF No. 17.) The Findings and Recommendations were served on Plaintiff and contained notice that objections were to be filed within 14 days. (Id.)

Plaintiff filed objections on February 11, 2025. (ECF No. 18.) Based on a review of Plaintiff's objections and for the reasons that follow, the court shall now vacate the January 7, 2025 Findings and Recommendations and recommend Defendant's motion to dismiss the action as time-barred be denied.

## II.

## DISCUSSION

### A.    Allegations of Complaint

Plaintiff alleges he was a civil detainee confined at the Fresno County Jail between from January 21, 2020, to approximately October 2021, pending proceedings pursuant to the Sexually Violent Predator Act (SVPA), codified in California Welfare and Institution Code, section 6600 et seq. (ECF No. 1 at 3.)

Plaintiff alleges that when he returned to CSH he could not get to the law library or consult with patients who knew about filing a civil rights suit in federal court. (ECF No. 1 at 3.) From "the middle of 2023 to the present" Plaintiff suffered an unspecified series of medical issues and did not have any time to do legal work, get to the law library, or talk to other patients about filing federal civil rights suits. (ECF No. 1 at 3.)  These medical issues restricted Gould's ability to pursue his claim until April of 2023. (ECF No. 1 at 4.)

During Plaintiff's confinement at the Fresno County Jail, Plaintiff claims that deputies would refuse to turn on the television, and the shower did not drain properly. (ECF No. 1 at 4-5.) Plaintiff further alleges that he was subject to the same recreational time policy as criminal detainees, as well as the same polices for visitation, use of the day room, religious services,

1  restraints, escorts, cleaning, and the "Edovo Program."  (ECF No. 1 at 5-6.)  Plaintiff was also
2  restricted from using the legal kiosk because he was not pro per.  (ECF No. 1 at 6.)
3        Plaintiff submits that at CSH he had access to many benefits that he did not receive at the
4  Fresno County Jail, including personal electronic devices, such as television, radio, coffee pot,
5  and CD/DVD players.  (ECF No. 1 at 6.)  At CSH, Plaintiff also had personal clothes, gym and
6  courtyard access, access to a sport yard, access to canteen, a grill-style restaurant, cleaning,
7  supplies, respectful staff, library with legal resources, computer lab, confidential phone calls,
8  laundry services, several meal options, group and therapy sessions, microwave, refrigerator, and
9  confidential mail.  (ECF No. 1 at 6, 8.)

### B. Applicable Law

Section 1983 contains no specific statute of limitations. Therefore, federal courts apply the forum state's statute of limitations for personal injury actions. Jones, 393 F.3d at 927; Maldonado v. Harris, 370 F.3d 945, 954 (9th Cir. 2004); Fink v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999). California's statute of limitations for personal injury actions is two years. Cal. Civ. Proc. Code § 335.1; Jones, 393 F.3d at 927; Maldonado, 370 F.3d at 954–55.

California's Unruh Civil Rights Act similarly does not have a single statute of limitations. Gatto v. Cty. of Sonoma, 98 Cal. App. 4th 744, 759 (2002); Kemp v. Regents of Univ. of Cal., No. C-09-4687 PJH, 2010 WL 2889224, at *6 (N.D. Cal. July 22, 2010). A two-year statute of limitations applies to causes of action under provisions evolving from common law, such as personal injury actions, and a three-year statute of limitations applies to other causes of action. Gatto, 98 Cal. App. 4th at 759; Kemp, 2010 WL 2889224, at *6.

Federal law determines when a civil rights claim accrues, and "[u]nder federal law, a claim accrues when the plaintiff knows or should know of the injury that is the basis of the cause of action." Douglas v. Noelle, 567 F.3d 1103, 1109 (9th Cir. 2009) (citation omitted); Maldonado, 370 F.3d at 955; Fink, 192 F.3d at 914 (constitutional claim accrues on the date plaintiff knew or should have known of the injury which forms the basis of the cause of action).

In actions where the federal court borrows the state statute of limitations, courts should also borrow all applicable provisions for tolling the limitations found in state law. Jones, 393 F.3d

at 927. Under California law, the two-year statute of limitations is tolled during the time a prisoner pursues his administrative remedies and is potentially tolled up to an additional two years if Plaintiff is incarcerated for a term of less than life. Douglas, 567 F.3d at 1109 ("State law governs the statute of limitations period for § 1983 suits and closely related questions of tolling. Section 1983 claims are characterized as personal injury suits for statute of limitations purposes" (citations omitted)); Brown v. Valoff, 422 F.3d 926, 943 (9th Cir. 2005) ("[T]he applicable statute of limitations must be tolled while a prisoner completes the mandatory exhaustion process."); Cal. Civ. Proc. Code §§ 335.1, 352.1(a).

As noted above, Plaintiff is a civil detainee, not a prisoner. By its terms, Section 352.1 does not apply to civil detainees. See Jones, 393 F.3d at 927 ("the literal language of the statute does not cover Jones, a civil detainee"). Nevertheless, by applying California's doctrine of equitable tolling, the Ninth Circuit has found that "a continuously confined civil detainee who has pursued his claim in good faith" may take advantage of tolling. Id. at 930; see also Fink v. Shedler, 192 F.3d 911, 916 (9th Cir. 1999) (requirements for equitable tolling in California). The Ninth Circuit found that " 'actual, uninterrupted incarceration is the touchstone' for applying California's tolling provision for the disability of imprisonment," Jones, 393 F.3d at 928 (quoting Elliott v. City of Union City, 25 F.3d 800, 803 (9th Cir. 1994)), and that the rationale behind the rule "applies with equal force to the case of an individual continuously detained under civil process[.]" Id. The Ninth Circuit observed that, "[l]ike criminal inmates, civil detainees litigate under serious disadvantages. The civilly confined are limited in their ability to interview witnesses and gather evidence, their access to legal materials, their ability to retain counsel, and their ability to monitor the progress of their lawsuit and keep abreast of procedural deadlines." Id. at 929.

**C.  Analysis**

Defendant argues the applicable statute of limitations expired in October of 2023; however, Plaintiff's complaint was not filed until June of 2024. Defendant further argues that equitable tolling does not apply because Plaintiff did not provide timely notice of his claims to the County within the statutory period-a mandatory element of the equitable tolling doctrine under

California law.

Plaintiff argues that he is entitled to an additional two years based on the rationale in Jones v. Blanas, 393 F.3d 918, 928 (9th Cir. 2004), resulting in a total of four years to file his 1983 action. Plaintiff submits that the accrual date of his claims was June 14, 2022, which "would facilitate the timeliness of Plaintiff's June 14, 2024 filing date, and be in keeping with intent behind tolling to 'ensure fundamental practicality and fairness.'" (ECF No. 15 at 3.) Plaintiff further argues that because equitable tolling is a fact-specific question, it must be resolved by way of motion for summary judgment. (Id.)

In response, Defendant argues that Jones v. Blanas does not apply to Plaintiff and he is not entitled to equitable tolling because he did not provide full notice of his claims to the County within the statutory period. (ECF No. 14 at 2.) Defendant further argues that Plaintiff cannot use June 14, 2022, as the date his cause of action accrued because there is no factual basis to support that he did not discover his claim until that date. (Id.)

Defendant's motion to dismiss should be denied. Defendant argues only that Plaintiff's complaint does not allege that he notified the County of his claims prior to the expiration the statute of limitations deadline. Defendant does not argue that there is any prejudice or that Plaintiff did not act in good faith in filing this action.

With regard to notice, Plaintiff argues for the first time in his objections that Defendant was on constructive notice, stating, in part:

> Information not made privy to the Magistrate were the numerous prior lawsuits filed against the Defendant by other civilly detained in the Fresno County Jail awaiting adjudication of their civil cases, said complaints also alleging violations of 14th U.S.C.A. for conditions of confinement which were allegedly punitive in nature under the holding of Jones.
> ….
> While Defendant's knew this information existed, as they exist in their grievance system, it must be that the client did not make defense counsel aware of this information. However, Plaintiff would provide this information as supporting documentation through discovery.

(ECF No. 18, at 3-5.)

///

In addition, Plaintiff argues that he is entitled to an additional two years of equitable tolling under the rationale in Jones v. Blanas, 393 F.3d 918 (9th Cir. 2004) applies in this case, as he alleges that when he returned to CSH he could not get to the law library or consult with patients who knew about filing a civil rights suit in federal court. (ECF No. 1 at 3.) From "the middle of 2023 to the present" Plaintiff suffered an unspecified series of medical issues and did not have any time to do legal work, get to the law library, or talk to other patients about filing federal civil rights suits. (Id.) These medical issues restricted Plaintiff's ability to pursue his claim until April of 2023. (Id. at 4.)

Defendant argues only that because Plaintiff did not provide notice to Defendants, he cannot prevail with equitable tolling. However, based on the disputed facts as to whether Defendant had notice and the fact Plaintiff has been in continuous custody and made a colorable showing that he acted in good faith in pursuing this claim, equitable tolling appears available under Jones v. Blanas, rendering Plaintiff's complaint timely. Accordingly, Defendant's motion to dismiss should be denied.[1] See Pederson v. Plummer, 120 Fed. Appx. 665, 666 (9th Cir. 2004) ("California's equitable tolling doctrine operates to toll a statute of limitations for a claim asserted by a continuously confined civil detainee who has pursued his claim in good faith.") (citing Jones v. Blanas, 393 F.3d at 930.)

## IV.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that Defendant's motion to dismiss (ECF No. 11) be DENIED.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with this Findings and Recommendation, the parties may file written objections with the Court, limited to 15 pages in length, including exhibits. The document should

---

[1] If Defendant believes, in good faith, that Plaintiff is not entitled to equitable tolling, such argument may be raised by way of motion for summary judgment with supporting evidence and legal authority. See Supermail Cargo, Inc. v. United States, 68 F.3d 1204, 1206–07 (9th Cir. 1995) (a motion for summary judgment is the proper procedure to evaluate the expiration of the statute of limitations when the inquiry turns on disputed facts).

be captioned "Objections to Magistrate Judge's Findings and Recommendation." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **March 6, 2025**

STANLEY A. BOONE
United States Magistrate Judge