**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAVID GOULD,<br><br>    Plaintiff,<br><br>v.<br><br>COUNTY OF FRESNO,<br><br>    Defendant. | No. 1:24-cv-00699 JLT SAB (PC)<br><br>ORDER ADOPTING WITH MODIFICATIONS FINDINGS AND RECOMMENDATIONS, DENYING MOTION TO DISMISS<br><br>(Docs. 11, 20) |

Plaintiff, a civil detainee under the Sexually Violent Predator Act, Cal. Welfare & Institutions Code § 6600, et seq., is proceeding pro se and in forma pauperis in this civil rights action concerning conditions he experienced while confined at the Fresno County Jail between approximately January 21, 2020, and October 2021. Plaintiff initiated this action by filing a complaint on June 14, 2024. (Doc. 1.) On November 25, 2024, Defendant moved to dismiss on statute of limitations grounds. (Doc. 11.)

Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302, the assigned magistrate judge issued Findings and Recommendations to deny Defendant's motion to dismiss. (Doc. 20.) The Court served the Findings and Recommendations on the parties and notified them that any objections were due within 14 days. (Doc. 20 at 6.) The Court also advised the parties that "the failure to file objections within the specified time may result in the waiver of rights on appeal."

1  (*Id.* (citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014)).) Defendant filed
2  objections on March 20, 2025. (Doc. 21.) Plaintiff did not file a response or otherwise
3  communicate with the Court regarding the pending Findings and Recommendations.[1]
4      According to 28 U.S.C. § 636(b)(1)(C), the Court conducted a *de novo* review of the
5  action. Having carefully reviewed the matter, the Court adopts the Findings and
6  Recommendations with slightly modified reasoning.
7      The Findings and Recommendations correctly explain that, given the nature of Plaintiff's
8  claims arising under 42 U.S.C. § 1983, this Court must apply California's two-year statute of
9  limitations for personal injury actions. (Doc. 20 at 3 (citing *Jones v. Blanas*, 393 F.3d 918, 932
10 (9th Cir. 2004); Cal. Civ. Proc. Code § 335.1).) The Court also borrows from California all
11 applicable provisions for tolling the limitations period. (*Id*. at 3–4 (citing *Jones*, 393 F.3d at 927).)
12 California Code of Civil Procedure § 352.1 provides for the tolling of a statute of limitations for a
13 period of up to two years based on "the disability of imprisonment." Because the "literal language
14 of [that] statute does not cover [ ] a civil detainee," *Jones*, 393 F.3d at 927, § 352.1 tolling is not
15 available to Plaintiff. However, as the Ninth Circuit, *see id*. at 928, and the Findings and
16 Recommendations, (*see* Doc. 20 at 4), acknowledge, Plaintiff may be able to take advantage of
17 California's general equitable tolling doctrine. "To determine whether equitable tolling may
18 extend a statute of limitations, courts must analyze whether a plaintiff has established the
19 doctrine's three elements: timely notice to the defendant, lack of prejudice to the defendant, and
20 reasonable and good faith conduct by the plaintiff." *See Saint Francis Mem'l Hosp. v. State Dep't*
21 *of Pub. Health*, 9 Cal. 5th 710, 725–26 (2020).
22     The Findings and Recommendations discussed the equitable tolling elements as follows:

> Defendant argues the applicable statute of limitations expired in October of 2023; however, Plaintiff's complaint was not filed until June of 2024. Defendant further argues that equitable tolling does not apply because Plaintiff did not provide timely notice of his claims to the County within the statutory period—a mandatory element of the equitable tolling doctrine under California law.
>
> Plaintiff argues that he is entitled to an additional two years based on

---

[1] Plaintiff filed objections (Doc. 18) to the January 17, 2025 Findings and Recommendations (Doc. 17), which were later withdrawn. (Doc. 20.) The Court has considered these objections and references them herein.

the rationale in *Jones v. Blanas*, 393 F.3d 918, 928 (9th Cir. 2004), resulting in a total of four years to file his 1983 action. Plaintiff submits that the accrual date of his claims was June 14, 2022, which "would facilitate the timeliness of Plaintiff's June 14, 2024 filing date, and be in keeping with intent behind tolling to 'ensure fundamental practicality and fairness.'" (ECF No. 15 at 3.) Plaintiff further argues that because equitable tolling is a fact-specific question, it must be resolved by way of motion for summary judgment. (*Id*.)

In response, Defendant argues that *Jones v. Blanas* does not apply to Plaintiff and he is not entitled to equitable tolling because he did not provide full notice of his claims to the County within the statutory period. (ECF No. 14 at 2.) Defendant further argues that Plaintiff cannot use June 14, 2022, as the date his cause of action accrued because there is no factual basis to support that he did not discover his claim until that date. (*Id*.)

Defendant's motion to dismiss should be denied. Defendant argues only that Plaintiff's complaint does not allege that he notified the County of his claims prior to the expiration the statute of limitations deadline. Defendant does not argue that there is any prejudice or that Plaintiff did not act in good faith in filing this action.

With regard to notice, Plaintiff argues for the first time in his objections that Defendant was on constructive notice, stating, in part:

> Information not made privy to the Magistrate were the numerous prior lawsuits filed against the Defendant by other civilly detained in the Fresno County Jail awaiting adjudication of their civil cases, said complaints also alleging violations of 14th U.S.C.A. for conditions of confinement which were allegedly punitive in nature under the holding of Jones.
>
> ….
>
> While Defendant's knew this information existed, as they exist in their grievance system, it must be that the client did not make defense counsel aware of this information. However, Plaintiff would provide this information as supporting documentation through discovery.

(ECF No. 18, at 3-5.)

In addition, Plaintiff argues that he is entitled to an additional two years of equitable tolling under the rationale in *Jones v. Blanas*, 393 F.3d 918 (9th Cir. 2004), [ ] as he alleges that when he returned to CSH he could not get to the law library or consult with patients who knew about filing a civil rights suit in federal court. (ECF No. 1 at 3.) From "the middle of 2023 to the present" Plaintiff suffered an unspecified series of medical issues and did not have any time to do legal work, get to the law library, or talk to other patients about filing federal civil rights suits. (*Id*.) These medical issues restricted Plaintiff's ability to pursue his claim until April of 2023. (*Id*. at 4.)

3

> Defendant argues only that because Plaintiff did not provide notice to Defendants, he cannot prevail with equitable tolling However, based on the disputed facts as to whether Defendant had notice and the fact Plaintiff has been in continuous custody and made a colorable showing that he acted in good faith in pursuing this claim, equitable tolling appears available under *Jones v. Blanas*, rendering Plaintiff's complaint timely. Accordingly, Defendant's motion to dismiss should be denied. *See Pederson v. Plummer*, 120 Fed. Appx. 665, 666 (9th Cir. 2004) ("California's equitable tolling doctrine operates to toll a statute of limitations for a claim asserted by a continuously confined civil detainee who has pursued his claim in good faith.") (citing *Jones v. Blanas*, 393 F.3d at 930.)

(Doc. 20 at 5–6.)

In his objections, Defendant argues that the form of notice specifically discussed in the Findings and Recommendations—prior lawsuits brought by other detainees—is insufficient as a matter of law. "When confronted with equitable tolling claims, courts must examine each case on its facts to determine whether the defendant received timely notice of the *plaintiff's intent to file suit*." *Sant Francis*, 9 Cal. 5th at 727 (emphasis added). Only "a prior action asserting the same claims against the same defendants supports a finding that a defendant received the requisite notice." *Elgen Mfg. Co., Inc. v. Mac Arthur Co.*, No. 23-CV-04924-JST, 2024 WL 3875789, at *6 (N.D. Cal. Aug. 16, 2024) (citing *Metabyte, Inc. v. Technicolor S.A.*, 94 Cal. App. 5th 265, 278 (2023) (holding that defendant was on notice because plaintiff had filed an earlier action in another court with the same basis))(emphasis added).

Nonetheless, dismissal is inappropriate for a related reason. Plaintiff indicates in his objections that he filed a "number of grievances . . . regarding conditions of confinement and the mal-treatment he received at the hands of deputies" and suggests these filings were sufficient to place Defendant on notice of his intent to sue. (Doc. 18 at 5.) The "[f]iling of a prisoner grievance can place the defendants on notice of the claim." *Hash v. Rallos,* No. 2:20-CV-1272-TLN-ACP, 2022 WL 951231, at *9 (E.D. Cal. Mar. 30, 2022), *report and recommendation adopted*, 2022 WL 2181764 (E.D. Cal. June 16, 2022). "The burden of alleging facts which would give rise to tolling falls upon the plaintiff." *Hinton Pacific Enterprises*, 5 F.3d 391, 395 (9th Cir. 1993). However, equitable tolling need not be explicitly pleaded. Rather, a complaint must provide sufficient assertions to show tolling:

4

> [A] motion to dismiss based on the running of the statute of limitations period may be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206–07 (9th Cir. 1995). "It is not necessary that the complaint explicitly plead equitable tolling," if "facts are alleged suggesting the applicability of equitable tolling to suspend the running of the statute [of limitations]." *Audio Marketing Services, S.A.S. v. Monster Cable Products, Inc*., C 12–04760 WHA, 2013 WL 633202, *6 (N.D. Cal. Feb. 20, 2013).

*Hisle v. Conanan*, No. 1:21-CV-01680-ADA-SAB (PC), 2023 WL 6845271, at *3–4 (E.D. Cal. Oct. 17, 2023), *report and recommendation adopted*, No. 1:21-CV-01680-KES-SAB (PC) (quoting *Biotechnology Value Fund, L.P. v. Celera Corp*., 12 F. Supp. 3d 1194, 1206 (N.D. Cal. 2013)). "Generally, the applicability of equitable tolling depends on matters outside the pleadings, so it is rarely appropriate to grant a Rule 12(b)(6) motion to dismiss (where review is limited to the complaint) if equitable tolling is at issue." *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 1003–04 (9th Cir. 2006); *accord Cervantes v. City of San Diego*, 5 F.3d 1273, 1276 (9th Cir. 1993)("California's fact-intensive test for equitable tolling is more appropriately applied at the summary judgment or trial stage of litigation.").

Here, the Complaint explicitly mentions that Plaintiff filed at least one grievance, (Doc. 1, ¶ 19), which supports his general assertion that he grieved the claims at issue in his case. As mentioned, doing so "can" put Defendants on notice of his claims. *Hash*, 2022 WL 951231, at *9. This is sufficient for purposes of the equitable tolling pleading requirements. The Findings and Recommendations satisfactorily address—and Defendants' objections do not seriously contest—that the complaint sufficiently alleges the other two equitable tolling elements: lack of prejudice to the defendant, and reasonable and good faith conduct by the plaintiff. As the Findings and Recommendations indicate, if the Defense believes in good faith that Plaintiff is not entitled to equitable tolling, that argument may be raised on summary judgment. (*See* Doc. 20 at 6 n. 1.) Thus, the Court **ORDERS**:

1. The Findings and Recommendations issued on March 7, 2025 (Doc. 20) are **ADOPTED** as modified.

///

2. Defendants' motion to dismiss (Doc. 11) is **DENIED**.

3. The matter is referred to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated:   **April 18, 2025**

_____
UNITED STATES DISTRICT JUDGE

6