UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID GOULD,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF FRESNO,<br><br>Defendant. | No. 1:24-cv-00699-JLT-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL, WITHOUT PREJUDICE<br><br>(ECF No. 41) |

Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983. Plaintiff is a civil detainee under the Sexually Violent Predator Act, Cal. Welfare & Institutions Code § 6600, et seq.

Currently before the Court is Plaintiff's request for appointment of counsel, filed July 23, 2026. (ECF No. 41.)

District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, a court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as

well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel).

The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Plaintiff seeks appointment of counsel to assist in a potential settlement conference and to prepare for trial due to his existing medical conditions. Plaintiff submits that attorney Robyn Fass Wang "has stated in the past that she would be willing to take the case if the court makes the appointment and what he work load would be [sic]." (ECF No. 41 at 2.) Having considered the factors under Palmer, the Court finds that Plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time. Although Plaintiff vague claims he has "existing medical conditions," and he is unable to depose witnesses, he has been able to represent himself effectively throughout this litigation including filing a motion for summary judgment and all prisoners face who are litigating civil rights cases face an impaired ability to depose witnesses. Accordingly, Plaintiff's motion for count-appointment counsel is denied without prejudice. Plaintiff is free to seek counsel on his own.

IT IS SO ORDERED.

Dated: **July 27, 2026**

STANLEY A. BOONE
United States Magistrate Judge